UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BETHANY A. GEILER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 20-1168 |
| COMMISSIONER OF SOCIAL SECURITY | ) ) ) |
| Defendant. | ) ) |

## **ORDER AND OPINION**

Plaintiff Bethany A. Geiler seeks review of Defendant Social Security Administration's denial of her application for disability insurance benefits. For the reasons stated below, Plaintiff's Motion (ECF No. 23) is DENIED, and Defendant's Motion (ECF No. 26) is GRANTED.

### **JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted in the Complaint present a federal question under 42 U.S.C. § 405(g). (ECF No. 1).

### **BACKGROUND**

Plaintiff initially filed an application for disability insurance benefits under Title II of the Social Security Act in July 2018, and in September 2018, she filed a Title XVI application for supplemental security income. ECF No. 28 at 31–34. The applications were denied on November 14, 2018. *Id*. at 11, 25–28. On January 22, 2019, Plaintiff filed a request for reconsideration and her application for reconsideration was denied on April 10, 2019. *Id*. 10, 19–21.

In the notice of reconsideration dated April 10, 2019, the agency again found that Plaintiff was not disabled. *Id*. at 19–20. The notice states that Plaintiff has sixty days to request an administrative hearing. *Id*.; *see also* 20 C.F.R. § 404.933(b)(1) (establishing a sixty-day period to

seek an administrative hearing after a denial of a request for reconsideration). Claimant is presumed to receive a notice within five days of its mailing. 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."). Accordingly, Plaintiff is presumed to have received the denial notice on April 15, 2019, and then had 60 days thereafter to file a request for hearing, making her deadline June 14, 2019. Plaintiff missed the deadline, filing twenty-one days late on July 10, 2019. *Id*. at 10–11, 15 –16. The ALJ provided Plaintiff the opportunity to explain why she did not request a hearing within the deadline, but she did not respond to the request. *Id*. at 10.

On August 1, 2019, the Administrative Law Judge ("ALJ") John Wood issued a notice and order dismissing Plaintiff's request for a hearing, finding that Plaintiff had not established good cause for missing the deadline to seek an administrative hearing. *Id*. at 7–9. The ALJ found that Plaintiff filed her request more than sixty-five days after the date of the notice of reconsideration determination and that Plaintiff failed to establish that she did not receive this determination within five days. *Id*. at 10. According, the ALJ found that Plaintiff's request for a hearing was not timely and that Plaintiff did not explain why her request was untimely despite being given the opportunity to do so. *Id.* The ALJ denied Plaintiff's request for a hearing dated July 10, 2019 and stated that the reconsideration determination dated April 10, 2019 remained in effect. *Id*. at 11.

Plaintiff then requested Appeals Council review the ALJ's dismissal. *Id.* at 12–13. The Appeals Council declined review, finding that there was no reason to review the ALJ's dismissal. *Id.* at 3–6. Because the Appeals Council denied review, the ALJ's dismissal order is the agency's final decision and is judicially reviewable. *Eads v. Sec'y of HHS*, 983 F.2d 815, 817–18 (7th Cir. 1993); 20 C.F.R.§ 404.981 (stating that if the Appeals Council denies the request for review the decision of the administrative law judge is binding).

## STANDARD OF REVIEW

A social security claimant may obtain review of any final decision of the agency by suing the Commissioner in federal district court within sixty days of the agency's decision. *Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017) (citing 42 U.S.C. § 405(g)). The court reviews the ALJ's legal conclusions *de novo* but deferentially review the ALJ's factual determinations. *Haynes v. Barnhart*, 416 F.3d 621 (7th Cir. 2005). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999). A notice of dismissal finding no good cause for missing the deadline to seek an administrative hearing is reviewed for "substantial evidence." *Casey*, 853 F.3d at 326; *Boley v. Colvin*, 761 F.3d 803 (7th Cir. 2014)).

## DISCUSSION

a. **ALJ Decision**

The final decision from Defendant was the ALJ's denial of Plaintiff's request for a hearing. Accordingly, the Court limits its review to whether it was appropriate for Defendant to deny Plaintiff's request for a hearing because she filed her request late. *Boley*, 761 F.3d at 808 (limiting review to "whether substantial evidence, and appropriate procedures, underlie the decision that [the plaintiff] lacks 'good cause' for her delay in seeking intra-agency review"); *see also Craven v. Colvin*, No. 16-CV-53, 2017 WL 28094 (W.D. Wis. Jan. 3, 2017) ("plaintiff may only seek judicial review of the Commissioner's finding that she lacked good cause to file an untimely request for reconsideration of the denial of benefits"); *Faulkner v. Colvin*, No. 14-CV-1767, 2015 WL 4619838 (S.D. Ind. July 31, 2015) (stating that judicial review was limited to whether there

was good cause for the untimely request and did not encompass a review of the Commissioner's decision to deny benefits).

As explained above, Plaintiff missed the deadline for requesting an administrative hearing. Plaintiff does not appear to dispute that her request was late, focusing instead on her argument that she had good cause for the delay. *See* ECF No. 21 at 2. The regulations provide a number of examples of circumstances in which good cause may exist, including whether the claimant was seriously ill and unable to make contact. *See* 20 C.F.R. § 404.911(b). While Plaintiff now tries to argue that she was too ill to respond, she did not make that argument to the ALJ. The ALJ "cannot be faulted for having failed to weigh evidence never presented to him." *See Eads v. Sec'y of HHS*, 983 F.2d 815, 817-18 (7th Cir. 1993). Instead, the ALJ explained that Plaintiff's filing was late and "claimant was given an opportunity to explain why she did not file the request for hearing timely. Claimant did not respond to this request." ECF No. 28 at 10 –11. Accordingly, he determined that she did not establish good cause for missing the deadline and dismissed her request for a hearing, leaving the April 10, 2019 determination in effect. Moreover, Plaintiff's primary argument in the supporting documents is about a stroke she claims she had in July. Mentioning health problems that arose in July, however, does not explain why she did not file her request for a hearing by the June deadline. Accordingly, Plaintiff has not presented sufficient evidence to support her argument that the ALJ's decision should be overturned, and the Court agrees with Defendant that the ALJ's decision was supported with substantial evidence.

b. **Appeals Council's Decision**

Defendant also includes a section about the Appeals Council decision to deny Plaintiff's request to review the ALJ's dismissal.[1] Review of the Appeals Council is limited "because the decision to refuse to review the administrative law judge's decision is discretionary." *Eads v. Sec'y of the Dep't of Health & Human Servs.*, 983 F.2d 815 (7th Cir. 1993). If the refusal to review the ALJ's decision is based on a mistake of law, the district court may reverse the decision. *Id*. (citing *Nelson v. Bowen*, 855 F.2d 503 (7th Cir. 1988); *Stepp v, Colvin*, 795 F.3d 711 (7th Cir. 2015) (stating that district courts review Appeals Council's decision to reject newly submitted material for legal error and that if Appeals Council accepts the new material but denies review on the conclusion that the record does not demonstrate the ALJ's decision was "contrary to the weight of the evidence" the Council's decision to deny review is "discretionary and unreviewable") (citing *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997)). In her letter to the Appeals Council, Plaintiff says that she had been very ill and had several strokes in July. ECF No. 28 at 12.

The Appeals Council observed that Plaintiff submitted a variety of medical records but that the records from February 2019 and June 5, 2012 to January 31, 2019 were not about the dismissal of the request for hearing. *Id*. at 4. Accordingly, the Appeals Council sent the records to the Social Security office to consider. *Id*. The Appeals Council further stated that it had received medical records from July 16, 2019 to October 2019 which also did not relate to the period at issue. *Id*. Appeals Council advised Plaintiff to file new claim for benefits if she wished for the Social Security Administration to consider whether she was disabled after April 9, 2019 and declined to review the additional material. *Id*. As explained above, Plaintiff citing medical concerns from July

---

[1] Defendant also argues that Plaintiff waived her ability to have this Court review the Appeals Council's decision since she did not argue that the Appeals Council erred in denying her request for review of the ALJ's decision. The court addressed the issue in keeping with the requirement that courts liberally construe *pro se* pleadings. *Anderson v. Hardman*, 241 F.3d 544 (7th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

5

does not explain why she failed to request a hearing during the 60-day period from April 15 to June 14, 2019.

Plaintiff does not point the Court to anything in the record to suggest that the Appeals Council made a mistake of law. Instead, it was appropriate for the Council to decline to review medical records that did not relate to the issue at hand.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [26] is GRANTED and Plaintiff's Motion for Summary Judgment [23] is DENIED. The Clerk is directed to close this case.

ENTERED this, 7th day of February, 2022.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
